George PHILLIPS, Plaintiff,

v.

AUTOMATED TELEPHONE MANAGEMENT SYSTEMS, INC., Akhilesh Chandoke, Frank Mzyk and Earl Young, Defendants.

No. 3–94–CV–1602–X.

United States District Court,
N.D. Texas,
Dallas Division.

Sept. 23, 1994.

W.D. Masterson, Kilgore & Kilgore, Dallas, TX, for plaintiff.

Mark A. Goodman, David & Goodman, P.C., Dallas, TX, for defendant Mzyk.

James R. Nelson, Storey Armstrong Steger & Martin, Dallas, TX, for defendant Chandoke.

T. Richard Handler, Jenkens & Gilchrist, Dallas, TX, for defendant Young.

## MEMORANDUM ORDER

KAPLAN, United States Magistrate Judge.

Third-party deponents Coopers & Lybrand and Bailey Vaught Robertson & Company seek to quash two subpoenas served by Plaintiff George Phillips in the above-referenced lawsuit. These motions were referred to a United States magistrate judge for determination pursuant to 28 U.S.C. § 636(b) and Local Rule 1.3. Plaintiff has filed a response. A hearing was held on September 21, 1994. For the reasons stated in this memorandum order, the motions are granted.

## BACKGROUND

This is a class action alleging certain violations of federal securities laws, common law fraud and negligent misrepresentation. Plaintiff contends that Defendant Automated Telephone Management Systems embarked upon a plan or scheme to falsely portray the true financial condition of the corporation in order to induce the sale of stock at artificially inflated prices. Coopers and Bailey were employed as auditors for Defendant Automated during the relevant time period. Both firms issued audit opinions stating that the corporation complied with "generally accepted accounting principles."

The complaint was filed on July 28, 1994. On August 25, 1994, plaintiff filed a motion for expedited discovery in order to subpoena certain documents from the third-party auditors. The subpoena to Coopers lists 83 categories of documents. The subpoena to Bailey lists 105 categories of documents. Plaintiff argues that these documents were necessary "to review the possibility of a claim against the auditors" and "determine whether there is a [fraud] claim against either Coopers or Bailey." He requests discovery on an expedited basis because the statute of limitations on a potential securities fraud claim may run on October 21, 1994.

On September 6, 1994, the Court issued a memorandum order authorizing the issuance of subpoenas to Coopers and Bailey.[1] However, the Court expressed concern about the scope of the requested discovery and allowed third-party deponents "a full opportunity to seek an appropriate protective order .... in accordance with Rule 45(c) of the Federal Rules of Civil Procedure." Coopers and Bailey were served with subpoenas on September 7, 1994. Motions to quash were filed on September 16, 1994.

## DISCUSSION

■ Plaintiff states that the documents requested from Coopers and Bailey are necessary to enable him to evaluate a potential claim for securities fraud. In order to state a cause of action for securities fraud under section 10(b) of the Securities and Exchange Act of 1934, a plaintiff must allege specific facts to establish: (1) a misstatement or omission; (2) of material fact; (3) made with scienter; (4) on which plaintiff relied; (5) that proximately caused his injury. *Tuchman v. DSC Communications Corp.*, 818 F.Supp. 971, 976 (N.D.Tex.1993), *aff'd in* 14 F.3d 1061 (5th Cir.1994). These allegations must be pled with particularity. FED. R.CIV.P. 9(b); *Melder v. Morris*, 27 F.3d 1097, 1100 (5th Cir.1994). Conclusory or speculative allegations are insufficient and subject to summary dismissal. *Whalen v.*

---

1. Plaintiff's motion for expedited discovery was inadvertently referred to two different magistrate judges for hearing and determination. Magistrate Judge Jane Boyle signed an agreed order granting the motion on September 6, 1994. Magistrate Judge Jeff Kaplan issued a memorandum order authorizing limited discovery the same day. Judge Boyle subsequently vacated her order after learning that the case was properly assigned to Judge Kaplan.

*Carter,* 954 F.2d 1087, 1097 (5th Cir.1992); *Tuchman,* 818 F.Supp. at 976. One of the reasons behind this harsh pleading rule is to preclude litigants from filing baseless claims and then attempting to discover unknown wrongs. *Tuchman,* 818 F.Supp. at 977.

■ The discovery requested from Coopers and Bailey amounts to no more than a "fishing expedition" in an attempt to discover unknown wrongs. Plaintiff concedes that "[he] is not now aware of any violations of law by Coopers or Bailey." At the hearing on the motion to quash, counsel for plaintiff candidly admitted that any securities fraud claim against the auditors is speculative at this point in time. Plaintiff would be precluded from maintaining a cause of action against Coopers and Bailey without more specific allegations of fraudulent conduct. He should not be allowed to circumvent the procedural safeguards of Rule 9(b) merely because discovery is sought before a complaint is filed.

### ORDERS

The motions to quash filed by third-party deponents Coopers & Lybrand and Bailey Vaught Robertson & Company are granted. Coopers and Bailey shall not be required to appear for deposition or produce documents in response to the subpoenas served on September 7, 1994.

The memorandum order dated September 6, 1994, authorizing limited discovery in order to determine whether Coopers and Bailey should be joined as parties in this case, is vacated and set-aside.

SO ORDERED.